**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Case No. CR-05-036-F |
| ) | |
| JON KENT RED ELK, ) | |
| ) | |
| Defendant. ) | |

**ORDER WITH RESPECT TO *IN CAMERA* REVIEW OF**
**MATERIALS RELATING TO JAILHOUSE INFORMANT**

On August 4, 2005, the court heard the arguments of counsel with respect to the defendant's Combined Motion to Unseal Document and to Compel Production (docket entry no. 153). This order addresses only the issues raised by paragraph 1, on page 8 of the motion, and by that portion of paragraph 3, on pages 10 and 11, that seeks production of "any documents submitted to the internal committee of the United States Attorney's office in furtherance of the motions to reduce Mr. Laster's sentence." Motion, at 11.

To the extent that the court has discretion in the matter, the court's discretion, based on its careful consideration of the circumstances surrounding the surfacing of Mr. Laster as a potential government witness in this case, favors arming defense counsel with every tool reasonably available for use in cross examining Mr. Laster and any other witnesses who may have knowledge of facts which would assist the jury

in evaluating Mr. Laster's credibility. However, as will be seen, the court has not yet determined that any of the materials which come within the scope of this order are discoverable. This order governs only the production of the documents described below for *in camera* review by the court. Nothing in this order constitutes a final determination of the discoverability of the materials at issue.

The government is directed to produce to the court, in chambers (via the Courtroom Deputy assigned to the undersigned judge), for *in camera* review, all documents or recordings responsive to the following descriptions:

1. Documents or recordings reflecting statements, or the substance of statements, made by Mr. Laster to the United States or to any state or local law enforcement agency in debriefings associated with the proceedings in United States v. Laster, CR-05-43-T, or United States v. Laster, CR-98-195-T ("the Laster cases"), or otherwise in compliance with the plea agreements in the Laster cases.

2. Documents prepared by the office of the United States Attorney for this district, or submitted to that office, in connection with any proposal for or consideration of the filing a motion under USSG § 5K1.1 in either of the Laster cases or in connection with any proposal for or consideration of the filing of a motion under Rule 35(b), Fed. R. Crim. P., in CR-98-195-T.

The court's review will be governed by (and this order is entered pursuant to) the operative principles established in Brady v. Maryland, 373 U.S. 83 (1963), Giglio v. United States, 405 U.S. 150 (1972), United States v. Bagley, 473 U.S. 667 (1985) (citing Napue v. Illinois, 360 U.S. 264 (1959) at 676), and Kyles v. Whitley, 514 U.S. 419 (1995). The government's opposition to the motion is largely premised on the

assertion that production of exculpatory or impeaching materials in this case should be dispensed with in light of the defendant's "confession" of acts amounting to first degree murder. Government response, at 3, 6. The court rejects this contention out of hand, both as a factual matter and as a legal basis for opposition to production of exculpatory or impeaching materials. Moreover, the fact that <u>Brady</u> or <u>Giglio</u> material may *also* fall within 18 U.S.C. § 3500 would not, in any sense, affect its discoverability under <u>Brady</u> or <u>Giglio</u> and related cases. The government's argument to the contrary (Response, at 4) is without merit. (To the extent that § 3500, or any other considerations, may affect the *timing* of release of materials to the defendant, the government is, as set forth below, provided an opportunity to make its views with respect to timing known to the court and defendant's counsel.)

The court assures the government that the court does not intend, in any event, to authorize or direct release to the defendant of any information identifying any undercover agent or any confidential informant (other than Mr. Laster). If the government perceives that any of the material required by this order to be produced for *in camera* review contains information which is sensitive for reasons which may not be readily apparent, the government is authorized to accompany its submission with an ex parte memorandum providing relevant information as to such matters. If the government desires to assert that any of the documents or recordings, if any, that the court may determine to be discoverable, should not be released until a later stage of these proceedings, the government shall file and serve a memorandum in support of its position. Any such memorandum shall be filed not later than August 19, 2005, and shall refer generically to the categories of materials as to which the government desires to make its views with respect to timing known to the court and defendant's counsel.

The submissions for *in camera* inspection required by this order shall be completed not later than August 19, 2005.

DATED August 5, 2005.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

05-0036p039 (pub).wpd