### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Case No. CR-05-036-F |
| ) | |
| JON KENT RED ELK, ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

Before the court is Defendant's Third Motion to Suppress, filed October 3, 2005 (doc. no. 239). Plaintiff has responded to the motion, and upon due consideration of the motion, the court finds that the motion should be denied.

Defendant has not cited and the court is not aware of any decisions holding that a defendant has a constitutional right to have his attorney present *during* a psychiatric examination. In its opinion in Smith v. Estelle, 602 F.2d 694, 708 (5th Cir. 1979), the Fifth Circuit Court of Appeals, relying on U.S. v. Cohen, 530 F.2d 43, 48 (5th Cir. 1976), specifically concluded that the defendant did not have a right to have his attorney present during the examination. The Supreme Court noted this ruling and did not question or indicate any disapproval of the ruling. Estelle v. Smith, 451 U.S. 454, 470 n. 14 (1981). The Fifth Circuit subsequently followed its previous ruling. Gholson v. Estelle, 675 F.2d 734, 743 n. 10 (5th Cir.1982). In addition, the Fourth Circuit has concluded that no such right exists. U.S. v. Albright, 388 F.2d 719, 726 (4th Cir. 1968). Therefore, following these federal circuits' authority, the court finds no Sixth Amendment violation due to defense counsel's absence from the court-

ordered examination. The court thus finds that suppression of evidence relating to defendant's examination and the fruits of that examination, due to defense counsel's absence at the examination, is not required.

The court further finds no Sixth Amendment violation due to the administration of the two challenged tests by Dr. Herman Jones. Despite defendant's argument to the contrary, the court's order authorizing defendant's examination did not limit that examination solely to the tests described in Dr. Jones' letter. Thus, there was no violation of the procedures ordered by the court. Although defense counsel may not have been specifically informed of the two additional tests, it is clear from defendant's response to the government's original motion that defense counsel anticipated that other tests might be performed. In the court's view, the challenged tests do not present any issues of which counsel would not be generally aware. The court finds the circumstances in this case are clearly distinguishable from those in Powell v. Texas, 492 U.S. 680 (1989) and Estelle v. Smith, 451 U.S. 454 (1981). Defense counsel clearly had the opportunity to advise and aid defendant in regard to his examination. Therefore, the court finds no Sixth Amendment violation on the basis of the additional testing conducted by Dr. Jones.

In his motion, defendant states that, depending on the court's ruling, he may find himself forced to forego offering mental condition evidence. This is a matter of trial strategy to be determined by the defendant and his counsel within the framework of the applicable rules and this order. If the defendant elects, as a matter of trial strategy, to offer no evidence within the scope of Rule 12.2(c)(4)(A), he may rest assured that evidence within the scope of the first clause of Rule 12.2(c)(4), if admissible only on the basis of the Rule 12.2(c)(4)(A) trigger, will not be admitted.

Based upon the foregoing, Defendant's Third Motion to Suppress, filed October 3, 2005 (doc. no. 239), is **DENIED**. In light of this ruling, the hearing set for this

afternoon on Defendant's Third Motion to Suppress is stricken. The voir dire examination of Dr. Gofton will still take place as scheduled at 3:30 p.m., after which the court will meet with counsel to preliminarily review the juror questionnaires.

DATED October 11, 2005.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE


05-0036p071 (pub) .wpd