### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,        ) | |
|                                                              ) | |
| Plaintiff,        ) | |
|                                                              ) | |
| -vs-                                                    ) | Case No. CR-05-036-F |
|                                                              ) | |
| JON KENT RED ELK,                        ) | |
|                                                              ) | |
| Defendant.        ) | |

## ORDER

With this order, the court completes it consideration of the defendant's second motion to compel production (doc. no. 180). The second motion to compel was filed on August 9, 2005. The government filed its response to the motion on August 23, 2005 (doc. no. 204). In the meantime, because of the press of time, the court entered an order with respect to the motion on August 19, 2005. That order directed the government to produce certain documents for *in camera* review, including presentence investigation reports relating to Daun Blakes and James Hamilton, documents or recordings reflecting statements made by Blakes or Hamilton, and documents prepared by the office of the United States Attorney in connection with any proposal for sentencing relief, all as was more fully set forth in the August 19 order. The August 19 order also required the government to file a certification as to whether it had complied with certain other document production requests which had been made on behalf of the defendant. In the August 19 order, the court left open the possibility that the court's approach to the second motion to compel might diverge from the court's approach to the first motion to compel if new and persuasive arguments were

to be made in the government's response to that motion. No new and persuasive arguments were set forth in the government's response, as was stated in the court's August 30, 2005 order.

In compliance with the August 19 order, the government filed an appropriate certification on September 12, 2005. On the basis of its review of materials submitted with that response, the court concluded that certain inquiries would be appropriate. Accordingly, as set forth in the order entered herein on September 16, 2005, the court set a hearing for September 20, 2005, for the purpose of enabling the court to make inquiries of the government. That hearing was held, and the government provided satisfactory responses to the court's inquiries.

The court's review of the documents submitted by the government for *in camera* review resulted in the court's release of redacted versions of the presentence reports with respect to Messrs. Blakes and Hamilton, as was set forth in the notice issued by the court on October 6, 2005.

The court's review of the documents produced by the government for *in camera* inspection has been governed by <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), <u>Giglio v. United States</u>, 405 U.S. 150 (1972), <u>United States v. Bagley</u>, 473 U.S. 667 (1985) (citing <u>Napue v. Illinois</u>, 360 U.S. 264 (1959) at 676), and <u>Kyles v. Whitley</u>, 514 U.S. 419 (1995). Also, because of pending issues as to the status of Messrs. Blakes and Hamilton as agents for the government at the time of their purported conversations with the defendant, the court reviewed the documents for material which might be relevant to the agency issues. *See* <u>Massiah v. United States</u>, 377 U.S. 201 (1964) and <u>United States v. Henry</u>, 447 U.S. 264 (1980).

With respect to Mr. Blakes, the government produced documents Bates numbered B-001 through B-073. The first 27 pages are the presentence report with respect to Mr. Blakes in case no. CR-05-0031. A redacted version of that presentence

report has been produced. Most of the other documents in the *in camera* submission are documents which are public records and which defendant's counsel have already reviewed. An FBI form 302 report of investigation does appear at B-063-066. It does not appear that the defendant has received a copy of that 302. However, the court's careful review of that 302 satisfies the court that, to the extent that that document contains information useful for impeachment or otherwise, the information set forth therein is entirely or at least substantially disclosed in the unredacted portion of the presentence report with respect to Mr. Blakes. The documents produced with respect to Mr. Blakes also include a three page report of investigation prepared by the Bureau of Alcohol, Tobacco, Firearms and Explosives. The court's review of this report satisfies the court that the report contains no new information of any significant value within the meaning of <u>Brady</u>, <u>Giglio</u>, <u>Massiah</u> or <u>Henry</u>.

  The documents produced with respect to Mr. Hamilton consisted of documents Bates stamped H-001 through H-084. The first 30 pages of this submission consisted of the presentence investigation report with respect to Mr. Hamilton. As was the case with the documents produced relating to Mr. Blakes, most of the remainder of the documents produced with respect to Mr. Hamilton consisted of public record documents which defendant's counsel already possess. At pages H-078 through 080, there is, with respect to Mr. Hamilton, a report of investigation prepared by the Bureau of Alcohol, Tobacco, Firearms and Explosives. This report does not contain any information of significant value, not already in possession of defense counsel, within the meaning of <u>Brady</u>, <u>Giglio</u>, <u>Massiah</u> or <u>Henry</u>.

  Accordingly, the court concludes that, with the production of the FBI forms 302 which have previously been produced with respect to Messrs. Blakes and Hamilton, and with the production of the presentence investigation reports which have now been released in redacted form, the defendant has received all materials to which he is

entitled under the principles governing the court's consideration of the second motion to compel.

DATED October 12, 2005.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

05-0036p078 (pub) .wpd